

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Moses Diane, an infant under the age of eighteen years, by his mother and natural guardian Evelyn Diane,

    Plaintiff,

-against-

The City of New York, John and Jane Does 1 through 4,

    Defendants.

INFANT'S COMPROMISE ORDER

ECF CASE

11 Civ 1092 (PAC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-5-12

    Upon consideration of the issues and claims in the litigation, the proffers of evidence, and the discussions related to settlement and resolution of this case, and it appearing that the best interests of infant plaintiff Moses Diane would be served by approval of the proposed compromise and settlement as set forth in an accompanying Stipulation and Order of Settlement and Discontinuance, it is hereby

    ORDERED, that the mother and natural guardian, Evelyn Diane, is authorized and permitted, in the interest of her minor child, to settle and compromise Moses Diane's claim as described and set forth in this litigation, and pursuant to the terms and conditions otherwise set forth in the Stipulation, and it is further

    ORDERED, that infant plaintiff Moses Diane shall be paid $6,001 of the settlement amount, to be held in trust by Evelyn Diane, his mother and natural guardian, in a bank account yielding the highest rate of interest available, at the TD Bank, N.A. located at 300 West 125th Street. New York, New York 10027, and shall not be withdrawn except to pay for medical emergencies or education, upon further order of this Court, or to pay income taxes on the interest generated by infant's account,

as follows: upon presentation to an officer of the above-designated bank of the account passbook and a completed tax return, the bank is hereby authorized to issue checks payable to the Internal Revenue Service (for federal tax liabilities) and to the appropriate tax authorities (for state and local tax liabilities). When infant plaintiff Moses Diane reaches the age of 18 years and provides proof of having attained that age, said bank shall pay over to the infant (or his legal representative) upon the infant's demand therefor and without further Court order, all monies held pursuant to this Order pertaining to infant plaintiff Moses Diane, and it is further

ORDERED, that Evelyn Diane is authorized and empowered to execute and deliver a release on behalf of her infant child Moses Diane, and to execute and/or deliver any other instrument necessary to effectuate the settlement herein, and it is further

ORDERED, that this Court retains jurisdiction of this action for enforcing this infant compromise order and for enforcing the terms of the underlying settlement, for entering this Infant's Compromise Order directing the disposition of funds, and for hearing and determining applications for the release of funds hereunder.

Dated: New York, New York
       March 5, 2012

_____
United States District Judge



RECEIVED
MAR 02 2012
CHAMBERS OF
HONORABLE PAUL A. CROTTY
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Moses Diane, an infant under the age of eighteen years, by his mother and natural guardian Evelyn Diane,

          Plaintiff,

-against-

The City of New York, John and Jane Does 1 through 4,

          Defendants

DECLARATION OF ATTORNEY
IN SUPPORT OF INFANT'S
COMPROMISE ORDER

ECF CASE

11 Civ 1092 (PAC)

    I, Darius Wadia, being duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York, do hereby declare that the following statements are true, except those made on information and belief, the basis for which are conversations with Moses Diane and his mother, Evelyn Diane:

1.     I am the attorney for the infant MOSES DIANE ("Moses"), and as such am fully familiar with the facts and circumstances set forth herein.

2.     Moses was born on November 4, 1994 and was fifteen years old at the time of the incident giving rise to this litigation.

3.     Moses lives with his mother at 55 LaSalle Street, Apartment 13 F, New York, New York.

4.     At approximately 4:00 PM on April 8, 2010, Moses was stopped, searched and roughly handcuffed by a number of police officers and taken to the 28th Precinct, where he was detained until late into the night on suspicion of a crime that he did not commit, as a result of which he suffered, *inter alia*, physical pain, emotional distress, embarrassment, humiliation, anxiety, depravation of his liberty and a violation of his constitutional rights.

5. After the incident, I was retained by Evelyn Diane, the mother and natural guardian of the infant Moses Diane, in connection with the claims arising out that incident.

6. After settlement negotiations with Assistant Corporation Counsel Suzanna Publicker, counsel to the defendants, offered the plaintiff $6,001, plus reasonable attorney's fees, expenses and costs, pursuant to Rule 68 of the Federal Rules of Civil Procedure.

7. That Offer of Judgment was accepted by the plaintiff on September 26, 2011.

8. After lengthy negotiations, the parties agreed on the total sum of $4,000 as reasonable attorney's fees, expenses and costs to the date of the Offer of Judgment.

9. My total expenses, which are included in that amount, were $430.

10. I believe that the offer of judgment is reasonable under the circumstances and that this action should be settled and compromised. While we believe the plaintiff has a meritorious cause of action, we recognize the risks of litigation, as well as the increased emotional distress participation in the continued litigation is likely to cause Moses and his family.

11. By her affidavit, Evelyn Diane has given her consent to the settlement of this case for her minor child.

12. Moses's recovery will be invested in an interest bearing account at the TD Bank, N.A. located at 300 West 125th Street, New York, New York 10027, until he reaches the age of eighteen.

13. I am not aware of any outstanding liens herein, and my client has sworn that there are none.

14. No previous application for the same or similar relief has been made to any Court or Judge, and there is no other action pending relative to the same incident.

WHEREFORE, it is respectfully requested that the annexed Order be granted.

_____
Darius Wadia

Sworn to before me this 16th
day of February, 2012

_____
Notary Public

[Notary Seal: JULIA ELIZABETH BURKE, NOTARY PUBLIC, REG # 02BU6244065, MY COMMISSION EXPIRES 06/27/2015, STATE OF NEW YORK]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Moses Diane, an infant under the age of eighteen years, by his mother and natural guardian Evelyn Diane,<br><br>Plaintiff,<br><br>-against-<br><br>The City of New York, John and Jane Does 1 through 4,<br><br>Defendants. | AFFIDAVIT IN SUPPORT<br>OF INFANT'S<br>COMPROMISE ORDER<br><br>ECF CASE<br><br>11 Civ 1092 (PAC) |

County of New York    )
                      )ss.
State of New York     )

Evelyn Diane, being duly sworn, deposes and says that:

1. I am the mother and natural guardian of the infant MOSES DIANE ("Moses").

2. I am familiar with the facts of the present litigation.

3. Moses was born on November 4, 1994 and was fifteen years old at the time of the incident giving rise to this litigation. He is now seventeen years old.

4. Moses lives with me at 55 LaSalle Street, Apartment 13 F, New York, New York.

5. At approximately 4:00 PM on April 8, 2010, Moses was stopped, searched and roughly handcuffed by a number of police officers and taken to the 28th Precinct, where he was detained on suspicion of a crime that he did not commit, as a result of which he suffered, *inter alia*, physical pain, emotional distress, embarrassment, humiliation, anxiety, depravation of his liberty and a violation of his constitutional rights.

6. After the incident, I retained the serviced of Darius Wadia, LLC to prosecute this

action.

7. I approve of the distribution of the settlement wherein Moses will receive $6,001 and Darius Wadia, LLC will receive attorney's fees and costs.

8. I have decided and agreed that it is in Moses's best interest to accept the this settlement from the defendant City of New York. I want to have my son Moses put this incident behind him and I believe the settlement to him is in an amount adequate to redress his injuries.

9. Moses's recovery will be invested in an interest bearing account at the TD Bank, NA located at 300 West 125th Street, New York, NY 10027, until he reaches the age of eighteen.

10. I do not know of any outstanding liens herein.

11. By reason of all the above, I ask that this Court allow me to accept the offer of settlement made herein and permit me to settle and compromise Moses's claim for relief as has been set forth above.

12. No previous application for the same or similar relief has been made to any Court or Judge, and there is no other action pending relative to the same incident.

WHEREFORE, it is respectfully requested that the annexed Order be granted.

_____
Evelyn Diane

Sworn to before me this 13th
day of February, 2012

_____
Notary Public

DESIRÉE M. PA...
Notary Public State of New York
No. 01PA6028597
Qualified in Kings County
Commission Expires A... 2, 20 13

-2-

# DARIUS WADIA
## ATTORNEY AT LAW

DARIUS WADIA, L.L.C.  
THE WOOLWORTH BUILDING  
233 BROADWAY, SUITE 2208  
NEW YORK, NEW YORK 10279

TELEPHONE: (212) 233-1212  
FACSIMILE: (212) 571-9149  
dwadia@wadialaw.com

February 28, 2012

The Honorable Paul A. Crotty  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

       Re:     *Moses Diane, et al. v. The City of New York, et al.*  
               Case number 11 Civ 1092 (PAC)  
               Motion for Infant's Compromise Order

Your Honor:

       I am the attorney for the plaintiff, an infant, in the above captioned matter. The parties in this case have agreed to the settlement and resolution of this case.

       On consent of Assistant Corporation Counsel Suzanna Publicker, counsel for the defendants, I respectfully move, subject to further direction by the Court a hearing is deemed necessary, for entry of an Order allowing settlement of the within litigation pursuant to the terms and conditions set forth in the Stipulation and Order of Settlement and Dismissal.

       I am enclosing herewith the proposed Infant's Compromise Order, an Affidavit of the infant plaintiff's mother and natural guardian in support of the Order, my Declaration in support of the Order, and the Stipulation and Order of Settlement and Dismissal executed by Ms. Publicker and me.

       Thank you for you consideration of this matter.

                              Respectfully submitted,

                              Darius Wadia (DW 8679)

Enclosures

Assistant Corporation Counsel Suzanna Publicker



RECEIVED  
MAR 02 2012  
CHAMBERS OF  
HONORABLE PAUL A. CROTTY  
U.S.D.J.